UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Stacey Martinez,<br><br>                 Plaintiff,<br>v.<br><br>EOS CCA; and DOES 1-10, inclusive,<br><br>                 Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Stacey Martinez, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Stacey Martinez ("Plaintiff"), is an adult individual residing in Bronx, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, EOS CCA ("EOS"), is a Massachusetts business entity with an address of 700 Longwater Drive, Norwell, Massachusetts 02061, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by EOS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. EOS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to EOS for collection, or EOS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. EOS Engages in Harassment and Abusive Tactics

12. On or about September 22, 2019, Plaintiff called EOS to inquire about the Debt.

13. Plaintiff asked EOS how she could get the Debt off of her credit report.

14. EOS offered to remove the Debt from Plaintiff's credit report if Plaintiff agreed to pay at least half of the Debt that day.

15. Plaintiff made the required payment to EOS and was assured the Debt would be removed from Plaintiff's credit report within 30 days.

16. In February 2020, Plaintiff noticed that the Debt was still on her credit report and called EOS.

17. EOS told Plaintiff that the Debt would remain on her credit report for a total of seven years.

18. Plaintiff informed EOS about their agreement in September 2019, and stated that everything should be noted in her account.

19. EOS told Plaintiff that the manager did not include notes regarding trade-line deletion.

20. EOS's actions caused Plaintiff a significant amount of frustration, confusion and anxiety.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair andunconscionable means to collect a debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III

## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

33.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

34.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

35.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages,

trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 3, 2020

                                             Respectfully submitted,

                                             By  */s/ Sergei Lemberg*
                                             Sergei Lemberg, Esq. (SL 6331)
                                             LEMBERG LAW, L.L.C.
                                             43 Danbury Road, 3rd Floor
                                             Wilton, CT 06897
                                             Telephone: (203) 653-2250
                                             Facsimile:  (203) 653-3424
                                             Attorneys for Plaintiff